# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | CRIMINAL INDICTMENT NO.: 1:19-CR-346-MHC-JSA |
| VINCENT PHARR, | |
| DEFENDANT. | |

## SENTENCING MEMORANDUM

Comes now Defendant, Vincent Pharr, (hereinafter "Defendant"), by and through undersigned counsel and files this, his Sentencing Memorandum in support of his request for a sentence at the low end of the applicable guideline range as determined by the Court.

## INTRODUCTION

Defendant pled guilty to Counts One and Two of the above styled indictment charging him with conspiring to possess with the intent to distribute controlled substances, contrary to 21 U.S.C. § 846 and Possession of a Firearm in Furtherance of a Drug Trafficking Offense, contrary to 18 U.S.C. § 846. Defendant is currently scheduled for sentencing on May 5, 2020. For the reasons set out herein, Defendant moves this Court to impose a sentence of 81 months which is reasonable based upon the facts and circumstances of this case.

# **REASONABLENESS UNDER 18 U.S.C. § 3553(a)**

The governing criteria for imposition of a reasonable sentence in a federal criminal case is found in the U.S. Supreme Court's decision in <u>United States v. Booker</u>, 543 U.S. 220 (2005). There the Court determined that the Guidelines were no longer mandatory, and that Trial Judges could impose sentences using the Guidelines as a starting point, but also considering the totality of the circumstances in the case. No longer is the court required to rely on departures or a "heartland analysis" in arriving at a reasonable sentence. Equally important to the process is consideration of the 18 U.S.C. §3553 factors, which had previously been discouraged as a basis for variance from the calculated range under the pre-<u>Booker</u> scheme. In this regard, the Supreme Court emphasized that an advisory guideline system would "continue to move sentencing in Congress's preferred direction by helping to avoid excessive disparities, while maintaining flexibility sufficient to individualize sentences where necessary." <u>See</u> <u>United States v. Booker</u>, at 264-265.

The Eleventh Circuit in <u>United States v. Sanchez</u>, 236 Fed.Appx. 487 (11th Cir. 2007) has also offered guidance in using this revised sentencing procedure when it observed:

> In our reasonableness review, we examine "only the final sentence for reasonableness under § 3553(a)," rather than "each individual decision made during the [] process." Citing <u>United States v. Bohannon</u>, 476 F.3d 1246, 1248 (11th Cir. 2007).

Clearly then, 18 U.S.C. § 3553(a)'s primary directive is to impose a sentence that is "sufficient, but <u>not</u> greater than necessary" to achieve the purposes of reasonableness at sentencing. And this "parsimony principle" should undergird every decision a district court makes at sentencing. See <u>United States v. Clay</u>, 483 F.3d 739, 745 (11th Cir. 2007) and <u>Sanchez</u>, *supra*. at 489-90. Moreover, 18 U.S.C. § 3661 makes it clear that the district court in reaching a sentencing decision, must consider all aspects of a defendant's "background, character, and conduct" ***leading up to***; which were a part of; ***and occurring after*** the commission of the offense of conviction. A structure which becomes even more significant when read *in para materia* with the factors set forth under § 3553(a), which also insist that the sentence imposed be reasonable in light of the circumstances surrounding the defendant and the case at hand.[1]

---

[1] The factors set out at §3553(a) providing that a sentence should:

- Reflect the seriousness of offense;
- Promote respect for the law;
- Provide just punishment for the offense;
- Afford adequate deterrence;
- Protect the public from additional crimes of Defendant; and
- Provide the Defendant with needed educational and vocational training, medical care, or other corrective treatment in the most effective manner.

While taking into consideration the:

- History and characteristics of the Defendant,
- Nature and circumstances of the offense,
- Objective of avoiding unwarranted sentencing disparities among similarly situated Defendants;
- Kinds of sentences available, and the
- Advisory sentencing guideline range, as well as policy statements promulgated by the Commission.

Simply put, post <u>Booker</u>, determining a sentence that is reasonable is accomplished by employing a three-step process wherein the District Court: (1) calculates the applicable Guidelines range, (2) formally rules on any departure motions, and (3) exercises its discretion in applying the factors set forth in 18 U.S.C. § 3553(a). <u>United States v. Jordi</u>, 418 F.3d 1212 (11th Cir. 2005).

## **THE ADVISORY GUIDELINE CALCULATION IN THE PSR**

According to the PSR here, the guideline calculation with regard to the offense of conviction is governed by Federal Sentencing Guideline § 2D1.1. Under the Drug Quantity Table at § 2D1.1 (C)(3), Probation has determined Defendant's base offense level to be 18, based upon a finding of 100-400 kilograms of marijuana . (PSR ¶ 25). Thereafter, pursuant to the plea agreement, Probation, at ¶ 27, has added a two (2) level enhancement for "maintain[ing] a premises for … distributing a controlled substance".[2] § 2D1.1(b)(12). Taking into consideration a two (2)-level reduction for acceptance of responsibility under § 3E1.1(a) and an additional one (1)-level reduction pursuant to U.S.S.G. § 3E1.1(b), Defendant's total offense level calculated in the PSR is 17, (PSR ¶ 34), Criminal History Category IV, with seven (7) criminal history points[3] (PSR ¶ 44) and a final guideline range of 97-106 months. (PSR, Part D, Sentencing Options).

---

[2] Defendant's role in this conduct will be discussed in more detail, infra.
[3] Defendant's criminal history will be discussed in more detail, infra.

Defendant objected to Probation's calculation as to the relevant conduct amount, because the plea agreement with the government in this case limited the relevant conduct to the amount of marijuana reasonably foreseeable *to him* in the offense of conviction. (See, ¶ 14 of the Plea Agreement). And, that is the amount Defendant admitted to in entering his plea. As set out in his objections to the PSR, the parties agreed that the amount of marijuana for guideline purposes was 7.7 kilograms, thus resulting in a base offense level of 12. Considering the 2-point enhancement for "maintaining a premises" and the 2 level reduction for acceptance based upon that amount, the total offense level here should be 12.

The reason for the agreement as to the relevant conduct amount being specifically addressed in the Government's Sentencing Memorandum, which provides in pertinent part that:

> The facts of this case show the defendant's distinct role in a larger criminal organization. … The evidence found by the DEA agents clearly demonstrated … a distribution operation involving vape pens and THC cartridges [ongoing at] the Canterbury Road apartment. However, the DEA *did not link the defendant to the purchase or shipment of any of the THC cartridges or vape pens found in the apartment* and the apartment was not rented in the defendant's name. In fact, *the DEA had not seen the defendant prior to his arrival at the apartment on the day of his arrest*. Following the arrest of the defendant, agents obtained warrants for the electronic devices in the vehicle. They identified at least one phone as belonging to the defendant. That phone contained evidence of marijuana distribution, but *agents did not find evidence of distribution or purchase of the vape pens, packaging material, or THC cartridges*. It is clear that the scope of the marijuana distribution organization extends well beyond the defendant. Based on the evidence found by the DEA agents, it appears that *the defendant's role in the organization involved*

5

***guarding the stash apartment where the drugs were recovered***. (Emphasis added).

It must be considered then, understanding the basis for the agreement between the parties, why Defendant did not object to Probation's failure to provide a reduction in the guideline calculation for his "minor "role in the "larger criminal organization"/conspiracy. Based upon the information as to the scope of the conspiracy and the roles of the various participants set out in the discovery, Defendant was definitely less culpable than the other 2 participants known to the government. And, as with aggravating role adjustments, it is not necessary that the other participants in the conspiracy actually be convicted for their role in the criminal activity for §3B1.2 to apply. Although less culpable than his known co-conspirators, Defendant's criminal history left him as the lone federal target of this prosecution. Co-conspirator Moore, with whom Defendant was arrested; who also had access to the stash house apartment; and who claimed the $65,000 seized in the vehicle stopped on the way to the airport, was not even charged federally because the marijuana amount was so insignificant. He is currently being prosecuted in the Fulton County Superior Court because he has no prior criminal convictions. Yet, this Defendant was pursued federally because his prior felony convictions left him subject to the 924(c) offense and the mandatory 60-month consecutive sentence to which he has pled guilty here; although the principles in the multi-million-dollar drug conspiracy targeted by this investigation were never charged.

# DEFENDANT'S CRIMINAL HISTORY

It is clear from the PSR that Defendant has 7 criminal history points. (PSR ¶s 36-47). The tragedy of which is that for each 3-point conviction the sentence was probation and would have been time barred for guideline purposes but for the probation revocations with regard to each; both revocations directly related to his drug addiction. The difference between 7 criminal history points and 1 point putting him in a much different position guideline wise at sentencing. The other arrests and suspected criminal conduct reflected in the PSR again being a direct result of his socioeconomic background and the difficulties he faces in his day to day life related directly to his addiction.

# CONCLUSION

Wherefore, based upon the foregoing, as well as the facts and circumstances set out in the PSR surrounding Defendant's offense of conviction, Defendant moves this Court to examine his participation in the conduct to which he has pled guilty and to impose a sentence of 81 months, because to do so would penalize his behavior while at the same time reasonably satisfying the factors contemplated by <u>Booker</u> and § 3553(a).

This 1st day of May, 2020.

Respectfully submitted,

/s/ L. David Wolfe
L. David Wolfe, P.C.

Attorney for Defendant
Ga. Bar number 773325
101 Marietta Street, N.W., Suite 3325
Atlanta, Georgia 30303
404-352-5000
profldwolfe@aol.com

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** \| | |
| | **CRIMINAL INDICTMENT NO.:** |
| v. \| | **1:19-CR-346-MHC-JSA** |
| | |
| **VINCENT PHARR,** \| | |
| | |
| **DEFENDANT.** \| | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the *Sentencing Memorandum* upon the following individual by electronic filing, which will automatically send email notification of such filing to the following:

**Calvin A. Leipold, III**
Assistant United States Attorney
Suite 600, Richard Russell Building
75 Ted Turner Drive, S.W.
Atlanta, Georgia 30303
calvin.leipold@usdoj.gov

This the 1st day of May, 2020.

Respectfully submitted,

/s/L. David Wolfe
L. David Wolfe, P.C.
GA Bar No. 773325
Attorney for Defendant
101 Marietta St., N.W., Suite 3325
Atlanta, Georgia 30303
404-352-5000
profldwolfe@aol.com
david@ldavidwolfe.com