IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **VINCENT T. PHARR,**<br><br>Petitioner,<br><br>v.<br><br>**UNITED STATES OF AMERICA,**<br><br>Respondent. | MOTION TO VACATE<br>28 U.S.C. § 2255<br><br>CIVIL ACTION FILE<br>NO. 1:21-CV-2912-MHC<br><br>CRIMINAL ACTION FILE<br>NO. 1:19-CR-346-MHC-JSA |

**ORDER**

Petitioner Vincent T. Pharr ("Pharr") has filed a 28 U.S.C. § 2255 motion to vacate his conviction and sentence ("Motion to Vacate") [Doc. 35]. After Magistrate Judge Justin S. Anand directed the Government to show cause why the motion should not be granted [Doc. 36], the Government filed a response to the Motion to Vacate, arguing that the motion should be dismissed as untimely [Doc. 39]. After reviewing the record, the Magistrate Judge issued his Final Report and Recommendation ("R&R") [Doc. 43] on September 28, 2022, recommending that the Motion to Vacate be denied as untimely. The Order for Service of the R&R [Doc. 44] provided notice that, in accordance with 28 U.S.C. § 636(b)(l), the parties were authorized to file objections within fourteen (14) days of the receipt of

that Order. Pharr filed his objections to the R&R on November 14, 2022 ("Pharr's Objs.") [Doc. 46].

## I.     BACKGROUND

On January 3, 2020, Pharr entered a negotiated plea of guilty to one count of possession with the intent to distribute less than 50 kilograms of marijuana in violation of 21 U.S.C. §§841(a)(1) and 841(b)(1)(D), and one count of possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c)(1)(A) [Doc. 25]. On May 5, 2020, the Court imposed a total sentence of eighty-one months imprisonment [Doc. 33]. Pharr did not file a direct appeal. The present Motion to Vacate, filed on July 14, 2021, raises two claims of ineffective assistance of counsel.

Section 2255(f) imposes a one-year statute of limitations to file a § 2255 motion. Generally, the limitation period begins to run on "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). Because he did not appeal, Pharr's conviction became final on May 19, 2020—when the fourteen-day period for filing a notice of appeal with the Eleventh Circuit expired—and the limitations period ran out on May 19, 2021. The instant § 2255 motion, executed by Pharr on July 14, 2021, missed the filing deadline by almost two months.

The Magistrate Judge further determined that Pharr is not entitled to equitable tolling.  Specifically, the Magistrate Judge concluded that the COVID-19 lockdowns and quarantines that Pharr complains of do not constitute the type of extraordinary circumstances for equitable tolling to apply.  R&R at 6-7.

## II.     LEGAL STANDARD

In reviewing a Magistrate Judge's R&R, the district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(l).  "Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court." United States v. Schultz, 565 F.3d 1353, 1361 (11th Cir. 2009) (internal quotation marks omitted) (quoting Marsden v. Moore, 847 F.2d 1536, 1548 (11th Cir. 1988)).  Absent objection, the district court judge "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(l), and need only satisfy itself that there is no plain error on the face of the record in order to accept the recommendation.  See United States v. Slay, 714 F.2d 1093,1095 (11th Cir. 1983).  In accordance with 28 U.S.C. § 636(b)(l) and Rule 72 of the Federal Rules of Civil Procedure, the Court has conducted a de novo review of those

portions of the R&R to which objections have been made and has reviewed the remainder of the R&R for plain error.  See Slay, 714 F.2d at 1095.

## III.  DISCUSSION

In his objections, Pharr again insists that he is entitled to equitable tolling. Pharr's Objs. at 2-4.  As discussed by the Magistrate Judge, in order to establish an entitlement to equitable tolling of the limitations period, a § 2255 movant must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.  R&R at 4-9; see also Holland v. Fla., 560 U.S. 631, 649 (2010) (internal quotation and citation omitted).[1]  The Magistrate Judge found that Pharr could not show diligence because, during his five months in quarantine at the federal penitentiary in Atlanta and his twenty-eight days in quarantine at a federal transfer center in Oklahoma, Pharr did not allege that he was deprived of writing implements or stamps.  R&R at 8.  In his objections, Pharr contends that the Magistrate Judge erred in "focus[ing] on the entire limitation period, rather than on the period of time in

---

[1] Holland discussed equitable tolling available to state prisoners seeking habeas corpus relief under 28 U.S.C. § 2254.  However, the same standard applies to federal prisoners seeking § 2255 relief.  See Borgesano v. United States, No. 20-11453, 2021 WL 2879696, at *5 (11th Cir. July 9, 2021) (applying the standard discussed in Holland to a § 2255 proceeding).

which Mr. Pharr's motion exceeded the limitation period." Pharr's Obj. at 3. Pharr posed the example of a prisoner working diligently on his motion for 360 days when some calamity struck that prevented him from mailing the motion to the court until a day after the limitations period had run. Id. Equitable tolling is not, however, allowed in a manner that would take all possibilities into consideration. Rather, it is granted on a case-by-case basis to account for an individual prisoner's extraordinary circumstances. Holland, 560 U.S. at 649-50 (noting that courts considering equitable relief must "exercise judgment in light of prior precedent, but with awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case"). Pharr's Motion to Vacate was almost two months late, and he has made no allegation that he diligently worked to prepare his motion. See Myers v. Allen, 420 F. App'x 924, 927 (11th Cir. 2011) ("Myers's failure to allege that he took any steps to attempt to advance or monitor his case is fatal to his equitable tolling argument."). Moreover, the case law is clear that "lockdowns and similar limitations imposed because of the COVID-19 pandemic were not extraordinary circumstances which by themselves justify equitable tolling." Powell v. United States, No. 21-12432-J, 2022 WL 2811987, at *1 (11th Cir. Feb. 8, 2022); see R&R at 6-7 (collecting cases).

## IV. CONCLUSION

Therefore, after a consideration of Pharr's objections, a *de novo* review of those portions of the R&R to which Pharr objects, and a review of the remainder of the R&R for plain error, it is hereby **ORDERED** that Pharr's objections to the R&R [Doc. 46] are **OVERRULED**.

The Court **APPROVES AND ADOPTS** the Final Report and Recommendation [Doc. 43] as the Opinion and Order of the Court. It is hereby **ORDERED** that Pharr's 28 U.S.C. § 2255 motion to vacate [Doc. 35] is **DENIED**. The Clerk is **DIRECTED** to close Civil Action Number 1:21-CV-2912-MHC.

This Court further agrees with the Magistrate Judge that Pharr has failed to make "a substantial showing of the denial of a constitutional right," and a Certificate of Appealability is **DENIED** pursuant to 28 U.S.C. § 2253(c)(2). Pharr may not appeal this denial but may seek a certificate from the United States Court of Appeals for the Eleventh Circuit under Federal Rule of Appellate Procedure 22.

**IT IS SO ORDERED** this 1st day of December, 2022.

_____
MARK H. COHEN
United States District Judge